_____

No. 95-1518
_____

Pam Good,                          *
                                   *
          Plaintiff-Appellant,     *
                                   *
Deborah Roberts,                   *
                                   *
          Plaintiff,               *
                                   *
     v.                            *   Appeal from the United States
                                   *   District Court for the
Barbara Olk-Long, Warden at        *   Southern District of Iowa.
ICIW; Gloria Sapp, Business        *
Manager at ICIW;                   *
William Pasutti, Maintenance       *
Supervisor; Craig Biggs,           *
Maintenance Supervisor,            *
                                   *
          Defendants-Appellees.    *

_____

          Submitted:  November 15, 1995

             Filed:  December 8, 1995
_____

Before HANSEN, LAY, and MURPHY, Circuit Judges.

_____

LAY, Circuit Judge.

     Pam Good and Deborah Roberts filed suit under 42 U.S.C. § 1983 against officers of the Iowa Correctional Institute for Women ("ICIW"). They allege that on July 14, 1993, the sewer line in the prison living unit backed up, causing the basement to be filled with sewage, including human waste.  Plaintiffs, who were on the inmate maintenance crew, were required to finish the sewage cleanup.  They allege the prison employees forced them to clean the sewage without adequate protective gear.

The undisputed evidence shows a prison employee used a machine to unclog the sewer line, opening the drain to allow the waste and sewage to return to the sewage system. After he opened the line, and the sewage drained, he hosed down the basement floor and began to squeegee it dry, prior to summoning the inmate maintenance crew to continue the cleanup. The ICIW had a "Universal Precaution" policy which required the use of protective eyewear, gloves, and protective clothing, including coveralls, whenever inmates were exposed to bodily fluids. The prison employees provided the crew with protective eyewear, gloves, and boots, which infection control precautions did not require, but did not provide them with coveralls. The employees were disciplined for failing to provide coveralls in accordance with the policy. Plaintiffs contend there was three inches of sewage on the floor, that it permeated their boots and soaked their socks, shoes, and body, and claim the officials violated the Eighth Amendment in that they displayed "deliberate indifference" in subjecting the prisoners to the work involved.

The district court, based upon a magistrate's recommendation, granted summary judgment on behalf of the prison officials, finding they were entitled to qualified immunity. The district court also found in the alternative the plaintiffs had failed to demonstrate any material facts of an actual Eighth Amendment violation. This appeal follows.

We need only to pass upon the question of qualified immunity. It is well settled that qualified immunity shields government officials from liability for money damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable official would have known. The narrow issue we confront is whether the prison employees violated a clearly established constitutional right. As the Supreme Court has explained:

It should not be surprising, therefore, that our cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citation omitted).

In Hunter v. Bryant, 502 U.S. 224 (1991) (per curiam), the Court said "[t]he qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued." Id. at 229. (citations and quotations omitted).

Plaintiffs rely upon Eighth Amendment case law subjecting government officials to liability where they are deliberately indifferent to the rights of plaintiffs. Anderson v. Creighton makes clear, however, that even if the constitutional violation occurs, the issue of qualified immunity turns on the more particularized concern of whether "a reasonable official would understand that what he is doing violates that right." Id. at 640. Thus, the fundamental issue is whether the prison officials knowingly violated a clearly established law by failing to provide the inmates with coveralls. This in turn requires us to decide whether the officers reasonably could have believed their conduct lawful in light of clearly established law and the totality of the circumstances.

This court has previously stated "[w]e believe forcing inmates to work in a shower of human excrement without protective clothing

and equipment would be 'inconsistent with any standard of decency.'" <u>Fruit v. Norris</u>, 905 F.2d 1147, 1151 (8th Cir. 1990) (citation omitted).  This case, however, is distinguishable from the facts of <u>Fruit</u>.  In this situation, the prisoners were furnished with protective gear.  Although their allegation that they were not provided protective coveralls or other adequate gear may show the prison employees were negligent, or may even show they violated a constitutional right in compelling the inmates to work in proximity to human waste without sufficient protection, we find nothing in the record to demonstrate the prison employees acted in bad faith.  The prison employees testified they did not deem it necessary to wear coveralls themselves because they had already cleaned the area -- a fact which, they thought, made the Universal Policy inapplicable.  This does not, under the totality of circumstances, demonstrate bad faith on the part of the employees.  Obviously, employees may not enjoy the privilege of qualified immunity if the totality of the circumstances would demonstrate their belief was unreasonable.  We hesitate to say this was true in the present case.

The prison employees did furnish protective equipment and, as such, even though they should have followed prison policy in furnishing coveralls, we cannot say, <u>under the circumstances of this case</u>, that they violated clearly established constitutional law in failing to provide additional equipment.  The fact that the prison regulation may have been violated does not, in itself, demonstrate objective bad faith of the employees.

On that basis, we affirm the district court's holding that the case against the officials should be dismissed under the doctrine of qualified immunity.

AFFIRMED.

A true copy.

Attest:

          CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.